UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

DONNEIL FOSKEY,

                            Plaintiff,

        -against-

CORRECTION OFFICER NORTHRUP, CORRECTION
OFFICER PAIGE, CORRECTION OFFICER RUSSELL,
CORRECTION OFFICER NEWCOME, CORRECTION
OFFICER CAMPBELL, CORRECTION OFFICER
DUNN, CORRECTION OFFICER COLESLAW,
CORRECTION OFFICER CADDY, CORRECTION
OFFICER NOLAN, CORRECTION OFFICER
DEBEJIAN, CORRECTION OFFICER SCANON, and,
CORRECTION OFFICER JOHN DOES # 1-10,

                        Defendants.

**COMPLAINT**

Docket No.   9:20-cv-504 (LEK/TWD)

------------------------------------------------------------------------- x

       Plaintiff Donneil Foskey, by his attorneys, CAITLIN ROBIN AND

ASSOCIATES, PLLC, hereby brings this action under 42 U.S.C. § 1983 to redress his

civil and legal rights, and alleges as follows:

## **PRELIMINARY STATEMENT**

     1.    This is a civil rights action in which plaintiff seeks relief for the violation of his

rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983.

     2.    Plaintiff seeks relief for an unprovoked and unjustified beating, maliciously

inflicted upon him by Defendants on or about August 11, 2019 at the Washington

Correctional Facility, in violation of his rights under the Eighth and Fourteenth

Amendments to the United States Constitution.

3.    Plaintiff seeks declaratory, compensatory and punitive damages, an award of costs, attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

4.    This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Northern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of New York.

## PARTIES

7.    Plaintiff DONNEIL FOSKEY was in the custody of the DOCCS at Washington Correctional Facility at all relevant times herein.

8.    Upon information and belief, Defendant (first name unknown) SERGEANT NORTHRUP, was, at the time of the events mentioned herein, a sergeant at Washington Correctional Facility.

9.    Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER PAIGE, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

10.    Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER RUSSELL, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

11.    Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER NEWCOME, was, at the time of the events mentioned herein, a correction

officer at Washington Correctional Facility.

12.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER CAMPBELL, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

13.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER DUNN, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

14.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER COLESLAW, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

15.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER CADDY, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

16.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER NOLAN, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

17.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER DEBEJIAN, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

18.   Upon information and belief, Defendant (first name unknown) CORRECTION OFFICER SCANON, was, at the time of the events mentioned herein, a correction officer at Washington Correctional Facility.

19.   Upon information and belief, Defendants (first and last names unknown)

CORRECTION OFFICER JOHN DOES # 1-10, were employees of the Washington Correctional Facility at all times here relevant and were acting in the capacity of agents, servants and employees of the State of New York, and acting under color of state law. On information and belief, these defendants participated, facilitated and/or witnessed and failed to intervene in the harassment, threats and assaults inflicted on the Plaintiff on or about August 11, 2019.

20.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.  Each defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

21.    At all times here mentioned, Plaintiff DONNEIL FOSKEY was incarcerated at Washington Correctional Facility in the custody of the DOCCS.

22.    On August 11, 2019 at approximately 2:00 pm, Plaintiff was in the visiting area of Washington Correctional Facility, having a visit with his children's mother.

23.    At that time, Defendant CORRECTION OFFICER RUSSELL told Plaintiff he allegedly saw Plaintiff receive contraband and escorted him out of the visiting area.

24.    Plaintiff did not receive contraband.

25.    Plaintiff was then taken to the visiting Search and Frisk area where Defendants asked Plaintiff if he had any drugs.

26.    Plaintiff responded with the truth, that he did not have any drugs in his possession.

27.    Defendants then unlawfully punched, slapped, kicked, and pepper-sprayed Plaintiff, causing physical injury to Plaintiff's eyes, shoulders, face, and body.

28. Plaintiff did not initiate the fight, or fight back.

29. Plaintiff was visibly bleeding after the assault by Defendants.

30. Defendants then threw Plaintiff, bloody, covered in pepper spray, and injured, in a van, while laughing at Plaintiff, wherein he suffered two seizures.

31. Plaintiff was then placed in a "dry cell" for three weeks, despite no contraband being found on his person.

32. Plaintiff asked for medical attention as a result of the Defendants' unlawfully assaulting, battering, using excessive force on Plaintiff.

33. Plaintiff was treated for his injuries at Washington Correctional Facility.

34. Although Plaintiff was provided medical attention at Washington Correctional Facility, his eyesight and physical condition did not improve.

35. Plaintiff filed multiple grievances over a three week period due to his physical condition and eyesight failing to improve.

36. Plaintiff was finally sent to Albany Medical Center on or about August 28, 2019.

37. Plaintiffs condition, to this day, has still not improved.

38. Plaintiff was eventually sent to an eye specialist in Coxsackie, New York on or about September 6, 2019.

39. Plaintiffs still suffers daily with pain and injuries to his eye and surrounding area.

## DAMAGES

40. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.  Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

b.  Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

c.  Physical pain and suffering;

d.  Seizures;

e.  Loss of sight to the left eye;

f.  Lacerations, cuts, and bleeding;

g.  Bruising;

h.  Permanent scarring to his face;

i.  Emotional trauma and suffering, including fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety; and

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Eighth and Fourteenth Amendment Rights)

41. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

43. By Defendants using force against Plaintiff which served no legitimate penological purpose as more fully set forth above, and by Defendants failing to intervene to prevent that use of force despite having a reasonable opportunity to do so, Defendants

violated Plaintiff's rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, his Eighth Amendment right to be free of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

44. By reason of the acts and omissions of Defendants described above, Plaintiff has endured substantial physical and emotional injuries and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Due Process Rights)**

45. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

46. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

47. The Defendants unlawfully confined Plaintiff to a "dry cell", which is substantially more restrictive confinement than necessary or just, without any evidence or justification for approximately three weeks.

48. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Failure to Intervene)**

49. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. Defendants as Corrections Officers acting under color of law had a duty to protect

Plaintiff from violations of his Constitutionally protected rights.

51. Defendants were aware that Plaintiff's rights were being violated by their fellow officers, and had opportunity to intervene to protect Plaintiff from continued assault.

52. Defendants failed in their duty to intervene to protect Plaintiff from violation of his rights.

53. By failing to intervene to prevent one another's unlawful and unconstitutional conduct, the Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth Amendments to the United States Constitution.

54. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983, 1985, 1986 – Conspiracy)**

55. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56. The defendants engaged in a conspiracy to violate Plaintiff's rights.

57. Defendants formed an agreement to threaten and assault Plaintiff in violation of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth Amendments to the United States Constitution.

58. Defendants took actions in furtherance of their conspiracy by threatening and assaulting Plaintiff.

59. By reason of the acts and omissions of Defendants described above, Plaintiff has

endured physical and emotional injuries and was otherwise damaged and injured.

   WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

  A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED: New York, New York
   May  5, 2020



   Yours, Etc.

   Caitlin Robin, Esq.
   **CAITLIN ROBIN & ASSOCIATES PLLC**
   *Attorneys for Plaintiff*
   DONNEIL FOSKEY
   30 Broad Street, Suite 702
   New York, NY 10004
   Phone: (646) 524-6026
   Fax: (929) 210-7549