UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONNEIL FOSKEY,

                        Plaintiff,

   -against-                                           9:20-CV-0504 (LEK/TWD)

CORRECTION OFFICER
NORTHRUP, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.   INTRODUCTION**

Plaintiff Donneil Foskey brings this action against Correction Officers Northrup, Paige, Russell, Newcome, Campbell, Dunn, Coleslaw, Caddy, Nolan, Debejian, Scanon, and John Does #1-10, asserting constitutional claims arising from his incarceration in Washington Correctional Facility ("W.C.F."), in the custody of the Department of Corrections and Community Supervision. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b). Dkt. Nos. 21 ("Motion"); 21-3 ("Defendants' Memorandum of Law"); 26 ("Plaintiff's Memorandum of Law"); 27 ("Reply"). For the reasons that follow, Defendants' Motion is granted in part and denied in part.

**II.   BACKGROUND**

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

At all times relevant to the Complaint, Plaintiff was incarcerated in W.C.F., and Defendants were all correction officers employed at W.C.F. Compl. ¶¶ 7–19, 21.

"On August 11, 2019, at approximately 2 PM, Plaintiff was in the visiting area of [W.C.F.], having a visit with his children's mother," when Russell "told Plaintiff he allegedly saw Plaintiff receive contraband and escorted him out of the visiting area." Id. ¶¶ 22–23. Notwithstanding this accusation, Plaintiff had not received contraband. See id. ¶ 24. "Plaintiff was then taken to the visiting Search and Frisk area where Defendants asked Plaintiff if he had any drugs." Id. ¶ 25. "Plaintiff responded with the truth, that he did not have any drugs in his possession." Id. ¶ 26.

Defendants then "punched, slapped, kicked, and pepper-sprayed Plaintiff, causing physical injury to Plaintiff's eyes, shoulders, face, and body." Id. ¶ 27. "Plaintiff did not initiate the fight, or fight back." Id. ¶ 28. "Plaintiff was visibly bleeding after the assault by Defendants." Id. ¶ 29. "Defendants then threw Plaintiff, bloody, covered in pepper spray, and injured, in a van, while laughing at Plaintiff, wherein he suffered two seizures." Id. ¶ 30. With respect to the John Doe defendants, Plaintiff adds that they "participated, facilitated and/or witnessed and failed to intervene in the harassment, threats and assaults inflicted on the Plaintiff[.]" Id. ¶ 19.

"Plaintiff was then placed in a 'dry cell' for three weeks, despite no contraband being found on his person." Id. ¶ 31.

"Plaintiff asked for medical attention as a result of [Defendants'] unlawfully assaulting, battering, using excessive force on Plaintiff." Id. ¶ 32. "Plaintiff was treated for his injuries at [W.C.F.]." Id. ¶ 33. Although Plaintiff was provided medical attention at [W.C.F.], his eyesight and physical condition did not improve." Id. ¶ 34. "Plaintiff filed multiple grievances over a three[-]week period due to his physical condition and eyesight failing to improve." Id. ¶ 35. "Plaintiff was finally sent to Albany Medical Center on or about August 28, 2019." Id. ¶ 36. "Plaintiff was eventually sent to an eye specialist in Coxsackie, New York on or about

September 6, 2019." Id. ¶ 38. Plaintiff's "condition, to this day, has still not improved." Id. ¶ 37. He "still suffers daily with pain and injuries to his eye and surrounding area." Id. ¶ 39.

Plaintiff asserts the following claims against all Defendants in their individual capacities: (1) an excessive force Eighth Amendment claim arising from the alleged beating and Defendants' failure to intervene to stop the beating;[1] (2) a Fourteenth Amendment due process claim based on Plaintiff's confinement in a "dry cell"; and (3) conspiracy claims under 42 U.S.C. §§ 1983, 1985 and 1986. See generally id. Defendants move to dismiss the Complaint in its entirety. See generally Defs.' Mem. of Law.

### III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may

---

[1] The Court construes Plaintiff's failure-to-intervene count as an alternative theory rather than a separate claim. See Hickey v. City of New York, No. 01-CV-6506, 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004) ("A 'failure to intervene' cause of action does not itself state a separate constitutional violation."), aff'd, 173 F. App'x 893 (2d Cir. 2006); Blake v. Race, 487 F. Supp. 2d 187, 208 n.14 (E.D.N.Y. 2007) (distinguishing between a plaintiff's "primary theory of liability" that "the defendants were directly involved in the unconstitutional acts" and the plaintiff's "failure to intercede theory" and rejecting the defendants argument that the plaintiff "abandoned any claims for failure to intercede liability because he failed to address that issue in his opposition papers"); Lehal v. Cent. Falls Det. Facility Corp., No. 13-CV-3923, 2019 WL 1447261, at *13 (S.D.N.Y. Mar. 15, 2019) ("To establish the requisite personal involvement [for a failure to intervene claim], a plaintiff may show either that the defendant official was directly involved in the excessive use of force itself, or that the defendant official failed to intervene to prevent such a use of force by another official actor."). Plaintiff can plead multiple theories in the alternative, and he need only state a claim based on one theory. See Tromblee v. The State of New York, No. 19-CV-638, 2021 WL 981847, at *12 (N.D.N.Y. Mar. 16, 2021) (Kahn, J.).

be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV.   DISCUSSION

Defendants argue that all of Plaintiff's claims are legally insufficient due to impermissible "group pleading." See Defs.' Mem. of Law at 6–10; Reply at 1–8. Defendants argue that Plaintiff's due process and conspiracy claims are otherwise inadequately pled but do not so argue with respect to his Eighth Amendment claim. See Defs.' Mem. of Law at 13–18. For the reasons that follow, the Court denies Defendants' Motion as to Plaintiff's Eighth Amendment and § 1983 conspiracy claims, while granting the Motion as to his Fourteenth Amendment due process claim and his conspiracy claims under §§ 1985 and 1986.

### A.  Eighth Amendment Claim

"To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. Wilson v. Seiter, 501 U.S. 294, 296–97 (1991);

Estelle v. Gamble, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." Blyden v. Mancusi, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

Defendants argue that Plaintiff's Eighth Amendment claim is defective under Federal Rule of Civil Procedure 8 due to impermissible "group pleading." See Defs.' Mem. of Law at 6–10. The Court disagrees; and Defendants' Motion is accordingly denied as to this claim.

"Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (summary order) (quoting Ferro v. Ry. Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961)). A complaint fails to give fair notice when it "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . ." Id. "[G]roup pleading is not per se improper"; it is only impermissible when it deprives a defendant of adequate notice. See Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co., No. 18-CV-2318, 2019 WL 804506, at *3 (S.D.N.Y. Feb. 21, 2019).

Defendants argue that Plaintiff's Eighth Amendment claim is inadequately pled, as it is "asserted against all twelve (12) to twenty-one (21) Defendants without differentiation between them, and without offering any supporting factual detail, whatsoever, as to which Defendant

5

allegedly did what." See Defs.' Mem. of Law at 8. But in context, Plaintiff's allegations are sufficient to provide each defendant with adequate notice: he plainly alleges that *each named defendant* "punched, slapped, kicked, and pepper-sprayed Plaintiff," Compl. ¶ 27, "then threw Plaintiff, bloody, covered in pepper spray, and injured, in a van, while laughing at Plaintiff," id. ¶ 30. "Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." Ausco Prod., Inc. v. Axle, Inc., No. 19-CV-6798, 2020 WL 7028521, at *2 (W.D.N.Y. Nov. 30, 2020); see also Hao Zhe Wang v. Verizon Commc'ns Inc., No. 19-CV-9506, 2020 WL 5982882, at *2 (S.D.N.Y. Oct. 8, 2020) ("Rule 8 does not prohibit referring to defendants as a group where the complaint alerts defendants that identical claims are asserted against each defendant.") (internal quotation marks omitted).

Defendants argue that Plaintiff fails to provide the John Doe defendants with proper notice of the nature of the claim against them, as he alleges in the alternative that they both participated in the assault and failed to intervene to stop it. See Defs.' Mem. of Law at 1 n.1; see also Compl. ¶ 19 (alleging that the John Doe defendants "participated, facilitated and/or witnessed and failed to intervene in the harassment, threats and assaults inflicted on the Plaintiff"). But Plaintiff is permitted to plead alternative theories. See supra n.1.

The Court accordingly declines to dismiss Plaintiff's Eighth Amendment claim on the ground that Plaintiff has engaged in impermissible group pleading.

**B. Fourteenth Amendment Due Process Claim**

"In order to begin a due process analysis, the court determines whether plaintiff had a protected liberty interest in remaining free from the confinement that he challenges, and if so, determines whether the defendants deprived plaintiff of that liberty interest without due process."

6

Thorpe v. McKenna, No. 13-CV-902, 2015 WL 4506799, at *6 (N.D.N.Y. July 23, 2015) (citing Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001); Bedoya v. Coughlin, 91 F.3d 349, 351 (2d Cir. 1996)). With respect to convicted prisoners, although states may create liberty interests protected by due process, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483–84 (1995).

With respect to Plaintiff's Fourteenth Amendment due process claim, Plaintiff's decision to assert allegations against Defendants as a group has deprived them of proper notice. Plaintiff must adequately allege personal involvement. "Personal involvement necessary to impose individual liability includes situations where: (1) the defendant directly participated in the [infraction]; (2) the defendant failed to remedy the wrong after learning of the constitutional violation; (3) the defendant created the policy or custom under which the unconstitutional practice occurred or allowed such custom or policy to continue or, (4) the defendant was grossly negligent in managing subordinates who caused the unlawful event." Longo v. Suffolk Cty. Police Dep't, 429 F. Supp. 2d 553, 558–59 (E.D.N.Y. 2006).

Presumably, some local officials and not others have the authority to order Plaintiff confined to a dry cell. Plaintiff does not allege that Defendants made such a decision collectively, or otherwise plausibly allege that all Defendants were personally involved in the decision. See Colon v. City of New York, No. 19-CV-10435, 2021 U.S. Dist. LEXIS 8931, at *63 (S.D.N.Y. Jan. 15, 2021) (finding that plaintiff failed to plead personal involvement due to group pleading, where the complaint lacked "allegations of a discussion, meeting, or other

7

collective action by all of the Defendants to assert the Disciplinary Charges against him"). Indeed, Plaintiff does not specify how any of them were involved. Plaintiff's due process claim is therefore dismissed.

### C. Conspiracy Claims

Plaintiff asserts conspiracy claims under §§ 1983, 1985 and 1986. See Compl. ¶¶ 55–59. Only Plaintiff's § 1983 conspiracy claim survives dismissal.

To state a claim for § 1983 conspiracy, a plaintiff must allege that (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury; and (3) an overt act was committed in furtherance of that goal. See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002).

Defendants argue, first, that Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine, "officers, agents, and employees of a single corporate entity are legally incapable of conspiring together." Quinn v. Nassau County Police Dep't, 53 F. Supp. 2d 347, 359 (E.D.N.Y. 1999). The doctrine applies to individual defendants who are employees of a correctional institution. See Richard v. Leclaire, No. 15-CV-6, 2017 U.S. Dist. LEXIS 161250, at *12 (N.D.N.Y. Sept. 29, 2017) (collecting cases). An exception to the intracorporate conspiracy doctrine exists when individuals pursue "personal interests wholly separate and apart from the entity." Bond v. Bd. of Educ., No. 97-CV-1337, 1999 WL 151702, at *2 (E.D.N.Y. Mar.17, 1999); see also Girard v. 94th and Fifth Avenue Corp., 530 F.2d 66, 72 (2d Cir. 1976) ("[T]he plaintiff must also allege that they acted other than in the normal course of their corporate duties."). Plaintiff has adequately alleged that Defendants acted outside of the scope of their employment in engaging in an unprovoked assault. See, e.g., Toliver v. Fischer, No. 12-CV-77, 2015 WL 403133, at *22 (N.D.N.Y. Jan. 29, 2015)

8

(noting that courts have "declined to apply the intracorporate conspiracy doctrine to dismiss . . . claims based on . . . unprovoked assaults, finding that there was at least an issue of fact as to whether defendant [] officers were acting, not in the scope of their employment, but for purely personal reasons").

Defendants argue that Plaintiff has failed to allege a "meeting of the minds" among them. See Defs.' Mem. of Law at 15 (citing AK Tournament Play, Inc. v. Town of Wallkill, No. 09-CV-10579, 2011 WL 197216, at *3 (S.D.N.Y. Jan. 19, 2011) ("A plaintiff must allege facts that plausibly suggest a meeting of the minds . . .")). But a meeting of the minds is plausibly suggested by the coordinated nature of the alleged attack, and the fact that the attack was not a spontaneous reaction to any instant threat. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 427 (2d Cir. 1995) (noting that a conspiracy "need not be shown by proof of an explicit agreement but can be established by showing that the 'parties have a tacit understanding to carry out the prohibited conduct'") (quoting United States v. Rubin, 844 F.2d 979, 984 (2d Cir. 1988)).

Plaintiff's § 1983 conspiracy claim thus withstands dismissal.

A conspiracy claim under § 1985 requires a plaintiff to allege: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Britt v. Garcia, 457 F.3d 264, 269 n.4 (2d Cir. 2006) (internal quotation marks omitted); § 1985(3). The conspiracy must also be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007) (internal quotation marks omitted); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). A § 1986 claim

creates liability against "an individual who has knowledge of discrimination prohibited under Section 1985." Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

As Defendants correctly argue, Plaintiff fails to state a claim under §§ 1985 and 1986, because the Complaint contains no allegations regarding discriminatory animus. See Defs.' Mem. of Law at 16; Collins v. W. Hartford Police Dep't, 324 Fed. App'x. 137, 139 (2d Cir. 2009) (summary order) (dismissing §§ 1985 and 1986 conspiracy claims because the plaintiff failed to make any plausible allegation that there was "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus' behind the conspirators' action") (quoting Griffin, 403 U.S. at 102).

**D.  John Doe Defendants**

If Plaintiff wishes to pursue his claims against the John Doe defendants, he must take reasonable steps to ascertain their identities through discovery. Upon learning the identities of the unnamed defendants, Plaintiff must then amend the operative pleading to properly name those individuals as parties. If Plaintiff fails to ascertain the identity of the Doe defendants so as to permit timely service of process, all claims against those individuals will be dismissed. See Pravda v. City of Albany, 178 F.R.D. 25, 26 (N.D.N.Y. 1998) (dismissing a plaintiff's claims against John Doe and Jane Roe defendants after "Plaintiff ha[d] been given over two years to identify and serve th[o]se individuals, including the full discovery period"); Reed v. Doe, No. 11-CV-250, 2015 WL 902795, at *5 (N.D.N.Y. Mar. 3, 2015) (dismissing a plaintiff's claim against a John Doe defendant after the plaintiff "failed to . . . take timely measures reasonably calculated to ascertain the [John Doe's] identity").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 21) is **GRANTED in part and DENIED in part**. Plaintiff's Fourteenth Amendment due process claim and his §§ 1985 and 1986 conspiracy claims are **DISMISSED without prejudice**, while his Eighth Amendment and § 1983 conspiracy claim may proceed; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 25, 2021
          Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge