<u>**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK**</u>

------------------------------------------------- x

DONNEIL FOSKEY,

           Plaintiff,

  -against-

CORRECTIONS OFFICER DANIEL PAIGE, CORRECTIONS OFFICER CONNOR IRISH, and CORRECTIONS OFFICER TEUDY NUESI,

           Defendants.

AMENDED COMPLAINT

Docket 9:20-cv-504 (LEK/TWD)

------------------------------------------------- x

     Plaintiff Donneil Foskey, by his attorneys, CAITLIN ROBIN AND ASSOCIATES, PLLC, hereby brings this action under 42 U.S.C. § 1983 to redress his civil and legal rights, and alleges as follows:

## **PRELIMINARY STATEMENT**

    1.    This is a civil rights action in which Plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983.

    2.    Plaintiff seeks relief for an unprovoked and unjustified beating, maliciously inflicted upon him by Defendants on or about August 11, 2019, at the Washington Correctional Facility, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Plaintiff seeks declaratory, compensatory and punitive damages, an award of costs, attorney's fees, and such other and further relief as this Court deems just and proper.

## **JURISDICTION AND VENUE**

    4.    This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988.

1

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Northern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of New York.

## PARTIES

7. Plaintiff DONNEIL FOSKEY was in the custody of the DOCCS at Washington Correctional Facility at all relevant times herein.

8. Upon information and belief, Defendant CORRECTIONS OFFICER DANIEL PAIGE, was, at the time of the events mentioned herein, a corrections officer at Washington Correctional Facility.

9. Upon information and belief, Defendant CORRECTIONS OFFICER CONNOR IRISH, was, at the time of the events mentioned herein, a corrections officer at Washington Correctional Facility.

10. Upon information and belief, Defendant CORRECTIONS OFFICER TEUDY NUESI, was, at the time of the events mentioned herein, a corrections officer at Washington Correctional Facility.

11. At all times mentioned herein Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York. Each Defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

12. At all times here mentioned, Plaintiff DONNEIL FOSKEY was incarcerated at Washington Correctional Facility in the custody of the DOCCS.

13. On August 11, 2019, at approximately 2:00 pm, Plaintiff was in the visiting area

of Washington Correctional Facility, having a visit with his wife.

14. After the visit, Defendant CORRECTIONS OFFICER CONNOR IRISH told Plaintiff he saw him receive contraband and escorted him out of the visiting area.

15. Plaintiff did not receive contraband.

16. Plaintiff was then taken to the visiting Search and Frisk area where Defendant CORRECTIONS OFFICER CONNOR IRISH asked Plaintiff if he possessed contraband.

17. Plaintiff responded truthfully that he did not have any contraband in his possession.

18. Defendant CORRECTIONS OFFICER CONNOR IRISH then called for the Inside Roundsman, Defendant CORRECTIONS OFFICER DANIEL PAIGE, to assist him in in the Search and Frisk Area.

19. Defendant CORRECTIONS OFFICER DANIEL PAIGE responded and utilized Oleoresin Capsicum spray ("pepper spray" or "OC spray"), discharging said spray into the Plaintiff's face and eyes. Thereafter, Defendant CORRECTIONS OFFICER DANIEL PAIGE forcibly tackled Plaintiff to the ground with the assistance of DEFENDANT CORRECTIONS OFFICER TEUDY NUESI.

20. Defendants then unlawfully punched, slapped, and kicked Plaintiff, causing physical injury to Plaintiffs eyes, shoulders, face, and arms.

21. Plaintiff did not initiate the physical altercation or fight back.

22. Plaintiff was visibly bleeding after the assault by Defendants.

23. Defendants then threw Plaintiff, covered in pepper spray and injured, in a van, wherein he suffered a seizure.

24. Plaintiff was then placed in a "dry cell" for approximately two and a half weeks,

despite no contraband being found on his person.

25. Plaintiff asked for medical attention as a result of the Defendants' unlawfully assaulting, battering, and using excessive force on Plaintiff.

26. Plaintiff was treated for his injuries at Washington Correctional Facility.

27. Although Plaintiff was provided medical attention at Washington Correctional Facility, his eyesight and physical condition did not improve.

28. Plaintiff filed multiple grievances over an approximately seventeen-day-period due to his physical condition and eyesight failing to improve.

29. Plaintiff was finally sent to Albany Medical Center on or about August 28, 2019, approximately seventeen days after the subject incident.

30. Plaintiff's condition, to this day, has still not improved.

31. Plaintiff was eventually sent to an eye specialist in Coxsackie, New York on or about September 6, 2019.

32. Plaintiffs still suffers daily with pain and injuries to his eye and surrounding area.

## **DAMAGES**

33. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

    c. Physical pain and suffering;

    d. Seizures;

  e. Infection and corneal ulcer in left eye;

  f. Loss of sight in left eye;

  g. Lacerations, cuts, and bleeding;

  h. Bruising;

  i. Permanent scarring to his face;

  j. Emotional trauma and suffering, including fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety; and

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Eighth and Fourteenth Amendment Rights

34. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

36. By Defendants using force against Plaintiff which served no legitimate penological purpose as more fully set forth above, and by Defendants failing to intervene to prevent that use of force despite having a reasonable opportunity to do so, Defendants violated Plaintiff's rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, his Eighth Amendment right to be free of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

37. By reason of the acts and omissions of Defendants described above, Plaintiff has

endured substantial physical and emotional injuries and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Due Process Rights

38. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

39. The acts of Defendants constituted conduct under color of state law which deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

40. The Defendants unlawfully confined Plaintiff to a "dry cell", which is substantially more restrictive confinement than necessary or just, without any evidence or justification for approximately three weeks.

41. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Failure to Intervene

42. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

43. Defendants as Corrections Officers acting under color of law had a duty to protect Plaintiff from violations of his Constitutionally protected rights.

44. Defendants were aware that Plaintiff's rights were being violated by their fellow officers and had an opportunity to intervene to protect Plaintiff from continued assault.

45. Defendants failed in their duty to intervene to protect Plaintiff from violation of his

rights.

46. By failing to intervene to prevent one another's unlawful and unconstitutional conduct, the Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth Amendments to the United States Constitution.

47. By reason of the acts and omissions of Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## **FOURTH CLAIM FOR RELIEF**

**Deliberate Indifference to Serious Medical Needs Under 42 U.S.C. § 1983 Against Individual Defendants**

48. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. Plaintiff suffered from an objectively serious medical condition.

50. Defendants were aware of Plaintiff's serious medical condition.

51. Defendants knew of and disregarded an excessive risk to Plaintiffs health and/or safety.

52. Defendants acted intentionally to impose the condition, or they recklessly failed to act with reasonable care to mitigate the risk that condition posed to Plaintiff, despite the fact that Defendants knew, or should have known that Plaintiff's condition posed an excessive risk to Plaintiff's health or safety.

53. Defendants acted intentionally to exacerbate Plaintiff's condition.

54. Defendants knew or should have known that their conduct posed an excessive risk to Plaintiff's health or safety.

55. Plaintiff was treated with deliberate indifference by Defendants.

56. Accordingly, Defendants' actions violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM FOR RELIEF

### (Deliberate Indifference to Serious Medical Needs Under New York Law)

58. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

59. Plaintiff had an objectively serious medical condition.

60. Defendants were aware of Plaintiff's serious medical condition.

61. Defendants acted intentionally to impose the condition, or they recklessly failed to act with reasonable care to mitigate the risk that condition posed to Plaintiff, despite the fact that Defendants knew, or should have known that Plaintiff's condition posed an excessive risk to Plaintiff's health or safety.

62. Defendants acted intentionally to exacerbate Plaintiff's condition.

63. Defendants knew or should have known that their conduct posed an excessive risk to Plaintiff's health or safety.

64. Plaintiff was treated with deliberate indifference by Defendants.

65. Accordingly, Defendants' actions violated Plaintiff's rights under the New York State Constitution and Common Law.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.  In favor of Plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   New York, New York
         December 20, 2021

Yours, Etc.

_____

Mark Laughlin, Esq.
**CAITLIN ROBIN & ASSOCIATES PLLC**
*Attorneys for Plaintiff*
DONNEIL FOSKEY
30 Broad Street, Suite 702
New York, NY 10004
Phone: (646) 524-6026